UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHEASTERN DIVISION

| | |
|---|---|
| TERRY TERRELL WATSON, | ) <br> ) <br> ) |
| Petitioner, | ) <br> ) |
| v. | ) <br> )    Case No. 2:21-cv-00048-MTS |
| AMANDA LAKE, | ) <br> ) <br> ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Terry Terrell Watson's Petition under 28 U.S.C. § 2254 for writ of habeas corpus. For the following reasons, Petitioner's § 2254 Petition is denied.

**I.  Background**

In the early morning hours of July 6, 2010, Petitioner and Clinton Williams ("Williams") robbed Victim at gunpoint. Victim called the police immediately after the robbery and provided a description of Petitioner and Williams.  Victim also informed the police that Petitioner had been driving a tan Dodge Neon sedan with Illinois license plates, that Williams had been wearing a surgical mask, dark glasses, and a hat, and provided a partial description of the license plate on the car. Police officers at the scene broadcasted the description of the vehicle and partial license plate to other officers in the area.

A short time later, several blocks from the scene of the robbery, a police officer saw a car with a license plate matching the description provided by Victim. The officer followed the car

1

for a few blocks, obtained backup, and then activated the lights and sirens on his patrol car. A high-speed pursuit ensued, including the car speeding and running red traffic lights and stop signs to elude the police.

During the pursuit, an officer saw Petitioner reach outside the driver's window of the car and drop an object. The officer stopped and picked up the object, a plastic bag containing 2.8 grams of cocaine base. Petitioner continued to drive at a high rate of speed. When he tried to turn onto a highway entrance ramp, he missed and drove down a grass embankment, crashing into the median and damaging the car to the extent that it was not drivable. Petitioner and Williams exited the car and ran away. After a foot chase, officers subsequently found Petitioner and Williams hiding on the porch of a residence near the scene of the car crash. Petitioner and Williams were later identified as the men who had robbed the Victim. During a search incident to arrest, police officers discovered a surgical mask, nonprescription glasses, and a hat in Williams's possession.

Petitioner was found guilty by a jury of one count of first-degree robbery, one count of resisting arrest, and one count of second-degree drug trafficking. Petitioner was sentenced to 18 years for first-degree robbery, 4 years for resisting arrest, and 15 years for second-degree drug trafficking, the sentences to run concurrently. Petitioner's convictions were affirmed on direct appeal to the Missouri Court of Appeals, Eastern District ("court of appeals"). *Missouri v. Watson*, 386 S.W.3d 907 (Mo. Ct. App. 2012). Petitioner then filed a pro se motion for postconviction relief in the circuit court pursuant to Supreme Court of Missouri Rule 29.15. An amended motion was filed by appointed postconviction counsel. The circuit court denied the Rule 29.15 motion without an evidentiary hearing. Petitioner appealed and ultimately, the Supreme Court of Missouri granted transfer of the cause and determined that appointed counsel's

failure to timely file an amended Rule 29.15 motion resulted in a presumption of abandonment and remanded the case back to the circuit court for a determination of abandonment. *Watson v. Missouri*, 536 S.W.3d 716, 719 (Mo. banc 2018). The circuit court subsequently held an evidentiary hearing and denied Petitioner's postconviction claims of ineffective assistance of counsel. Petitioner appealed, and the court of appeals affirmed the circuit court's judgment. *Watson v. Missouri*, 609 S.W.3d 525 (Mo. Ct. App 2020). On July 16, 2021, Petitioner filed a timely Petition for a Writ of Habeas Corpus with this Court, pursuant to 28 U.S.C. § 2254.

**II.        Legal Standard**

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254(d). Habeas relief is only permissible if the state court's determination:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d)(1)–(2).

A state court's decision is "contrary to" clearly established federal law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of the [Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). A decision involves an unreasonable application of clearly established law when the state court applies the correct

governing legal principle from the Supreme Court's decisions, but unreasonably applies such principles to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). To satisfy this standard, "a prisoner must establish a state court's adjudication was not only wrong, but objectively unreasonable, such that 'fairminded jurists' could not disagree about the proper resolution." *Smith v. Titus*, 958 F.3d 687, 691 (8th Cir. 2020) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

When reviewing whether a state court decision involves an "unreasonable determination of facts," state court findings of "basic, primary, or historical facts" are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record. *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007) (citations omitted); 28 U.S.C. § 2254(e)(1).

**II.    Discussion**

Petitioner asserts four grounds for relief. Although Petitioner raised all four grounds on direct appeal, he did not preserve the fourth ground regarding the prosecutor's closing argument because he did not object at trial.

**A. Ground One: Petitioner's ground for relief is that the trial court erred in overruling his motion to strike for cause Venireperson Murray because she indicated that she was biased in favor of police officer testimony.**

Petitioner claims the trial court erred in overruling his motion to strike for cause Venireperson Murray because she had indicated that she was biased in favor of police officer testimony. The court of appeals laid out the facts as follows regarding this ground. *See* Doc. [8-3] at 3-7. The trial court record revealed that the prosecutor asked the venire panel whether anyone had a previous experience, good or bad, with a police officer, which would cause him or her to not be able to assess the credibility of a police officer who might testify. Although two

4

venirepersons responded to the question, Venireperson Murray did not. The prosecutor then stated that unless a venireperson raised his or her hand, the prosecutor would assume that the venireperson believed "police officers start on the exact same playing field as any other lay witness." Doc. [8-14] at 47. Williams's counsel asked whether any of the venirepersons had relatives or friends who were police officers. Venireperson Murray responded that her brother was a police officer in Chicago but that she did not discuss his police work with him and that she would not be affected in this case given his employment. Petitioner's counsel later asked about her ability to be impartial regarding testimony given by police officers. In response to questions by Petitioner's trial counsel, Venireperson Murray stated that she would treat a police officer's testimony like that of any other witness. Later during further questioning by Petitioner's counsel, the following colloquy occurred,

> [COUNSEL]: Like if I took – no, not if I took the stand. But just any brand of person that you don't know from anything taking the stand, same for a police officer?
> [VENIREPERSON] MURRAY: Let me think about this.
> [COUNSEL]: And it's okay to –
> [VENIREPERSON] MURRAY: Because it's not that easy to answer it because it depends on the situation, the line of questioning, what's been said before that, you know, after that. You know, it all depends on the witness and what's going on at that time. But normally I would say that I would give everybody a fair chance because we're equal persons, so I don't have a problem with listening to the story and listening to both sides and being neutral.
> [COUNSEL]: Okay. So just the sheer fact that a police officer, badge, gun, is on the stand would not make a difference? Just in and of the fact that the witness is a police officer, before you heard word one.
> [VENIREPERSON] MURRAY: Normally I would want to give them more credit because of the job that they do. You would want to hold them, you know, to I guess a certain level. But again, it goes back to the line of questioning and what's happening and what's being done and said at that time. So when I look at it from that perspective, I think I would give them the same -- because I would do that to anyone that was on the stand.

5

Doc. [8-14] at 149-50.

Later, Petitioner's counsel moved to strike Venireperson Murray for cause:

> THE COURT: Okay. So that will be withdrawn. Then at the bottom of page nine, … Any objection to striking Ms. Murray?
> [PROSECUTOR]: I object, your Honor. I believe that she maintained that she could be fair.
> [COUNSEL]: She had long pauses, your Honor, once I asked her to consider whether or not she could give a police officer more credibility. And she said multiple times she wants to give more credit.
> [PROSECUTOR]: She had long pauses but then explained herself as to why she was having, and she said it was confusing for her. But she said that she thinks she could put everybody on an equal playing field.
> THE COURT: I think she did say that. Whether parole officers or any other public officers of that sort should be on a jury panel is not for me to say. But I think she gave intelligent and reasoned responses, and the Court will deny that strike and leave her on.

Doc. [8-14] at 168-69.

Venireperson Murray served on the jury. The court of appeals determined that the trial court did not abuse its discretion in overruling Petitioner's motion to strike Venireperson Murray because based upon the entire examination of Venireperson Murray, she unequivocally indicated her ability to evaluate the evidence fairly and impartially. The court of appeals found that,

> Although Venireperson Murray stated that she would want to give police officers more credit because of their job and would want to hold them to a 'certain level,' Venireperson Murray also stated that she would treat the testimony of 'anyone that was on the stand' the same. Venireperson Murray unequivocally indicated that she would be able to evaluate the evidence fairly and impartially. Generally, there is no error when the trial court overrules a challenge for cause of a venireperson who initially expresses a tendency to believe police officers over other witnesses but, upon further questioning, indicates an ability to evaluate all testimony by the same standard and to accord both sides a fair trial.

Doc. [8-3] at 7.

An individual juror's partiality is a question of "historical fact." *Patton v. Yount*, 467 U.S. 1025, 1036 (1984). Given that the "determination is essentially one of credibility," the trial court's

6

"resolution of such questions is entitled to special deference" and the statutory presumption of correctness under 28 U.S.C. § 2254(d). *Id.* at 1038. The question before this Court is whether there is fair support in the record for the state court's conclusion that the juror would be impartial. *Logan v. Lockhart*, 994 F.2d 1324, 1326-27 (8th Cir. 1993). The court of appeals conclusion that the circuit court's finding that Venireperson Murray would be impartial is fairly supported by the record and was not an unreasonable interpretation of the facts as indicated *supra*. Ground One is denied.

**B. Ground Two: Petitioner's ground for relief is that the trial court erred in overruling his objection when the prosecutor cross-examined Petitioner about whether he had previously sold drugs.**

Petitioner claims the trial court erred in allowing the State's question during cross-examination regarding whether he had sold drugs in the past.

As stated by the court of appeals, Petitioner testified on direct examination that Victim and Victim's friend had waved down Petitioner and Williams on the night of the robbery. Petitioner testified that this was known as a "flag down," meaning that Victim and Victim's friend were trying to buy drugs. Petitioner testified that he stopped the car, and Williams and Victim discussed buying drugs. The interaction escalated when Victim became irritated, and Williams got out of the car and threatened to beat Victim's friend. Petitioner further testified that he panicked when he later saw a police car following him and Williams because Williams had drugs in his possession. Petitioner denied throwing drugs out of the car during the high-speed pursuit with police but claimed that Williams had thrown cocaine out of the passenger side window. On cross-examination, Petitioner denied that he and Williams had been driving around looking for someone to rob but admitted that he knew what a "flag down" was. Immediately thereafter, the following colloquy occurred:

[PROSECUTOR]: Okay. Because you sell drugs too.

7

[PETITIONER]: Yes.

[PETITIONER'S COUNSEL]: Objection. That's uncharged crimes.

THE COURT: That's overruled.

[PROSECUTOR]: Okay. And in this case, you are charged with trafficking. Correct?

[PETITIONER]: Yes, I'm charged with it.

[PETITIONER'S COUNSEL]: Your Honor, may we approach?

. . .

THE COURT: All right.

[PETITIONER'S COUNSEL]: Your, Honor, even asking my client about an uncharged crime such as selling drugs is a violation of – well, the uncharged crimes prior bad acts case law of the state of Missouri. By eliciting any – by questioning and eliciting any evidence, it violates his right to a fair trial and impartial jury.

[PROSECUTOR]: He was the one that flagged them down, he knew what a flag down is. How in the world do you know what a flag down is unless you're not a drug dealer. He opened the door. I asked the question.

THE COURT: Anything to add . . . ?

[PETITIONER'S COUNSEL]: Under the Fifth, Sixth, Eighth Amendments and Fourteenth Amendments to the United States Constitution, that's my constitutionalization.

THE COURT: All right. The objection is overruled. (The proceedings returned to open court.)

[PROSECUTOR]: Okay. So you admitted that you're a drug dealer and you know that you're charged with trafficking in this case; correct?

[PETITIONER]: Yes.

[PROSECUTOR]: And you also know that your buddy's not charged with trafficking; correct?

[PETITIONER]: Yes.

[PROSECUTOR]: Okay. So he can admit to the drugs and not get in trouble. But if you admit to the drugs, you're going to get in trouble.

[PETITIONER'S COUNSEL]: Objection. That asks him to draw a legal conclusion. He's not a lawyer.

THE COURT: That's overruled.

[PROSECUTOR]: Right? He can admit to the drugs and not get in trouble. But if you admit to the drugs, you will get in trouble.

[PETITIONER]: No.

. . .

[PROSECUTOR]: You're saying that was worth it, that you as a drug dealer and as your friend as a drug dealer (sic) think that five dollars and fifty-eight cents is worth it for the dope that you have. Two point eight grams.

[PETITIONER]: When they flagged us down, we don't know what they have. That's the point of going over there.

8

Doc. [8-14] at 477-79 and 484.

The court of appeals found that the trial court did not abuse its discretion in admitting the evidence that Petitioner was a drug dealer because Petitioner opened the door to this evidence on direct examination when he testified that he stopped the car when Victim and Victim's friend flagged him and Williams down to engage in a drug transaction, not to rob Victim and Victim's friend. "[A]dmissibility of evidence at a state trial is a matter of state law and ordinarily will not form the basis for federal habeas relief." *Clark v. Groose*, 16 F.3d 960, 963 (8th Cir. 1994). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions," as such, a federal court does not examine whether evidence was properly admitted under state law. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A federal court will reverse a state court evidentiary ruling "only if it 'infringes upon a specific constitutional right or is so grossly or conspicuously prejudicial that it fatally infected the trial and denied the defendant the fundamental fairness that is the essence of due process.'" *White v. Blair*, 4:19-cv-01837-SRW, 2022 WL 343423, at *2 (E.D. Mo. Feb. 4, 2022) (quoting *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992)). Petitioner did not provide any argument or evidence to show how admission of his statement violated his constitutional rights and the record does not show that admission of his statement was so prejudicial that it fatally infected the trial. Ground Two is denied.

**C. Ground Three:  Petitioner's ground for relief is that the trial court erred by overruling his objection to the Prosecutor's question to Williams regarding whether Williams remembered speaking to the sheriff while being transported to and from the jail, insinuating that Petitioner was also confined.**

Petitioner claims the trial court erred in overruling his objection to the State's cross-examination of Williams. Specifically, Petitioner claims he objected when the State asked Williams "if he told the sheriff in the courtroom that 'it was a robbery.'" Doc. [1] at 8. Petitioner claims,

> [T]he alleged statement made by [Williams] supposedly took place two

9

> days before this actual examination. The sheriff, whom this statement was assumed to be made to was in the courtroom for all proceedings for those days of the trial and had constant contact with [Williams] and petitioner. This practice was a violation of discovery. It was prejudicial and denied petitioner's right to a fair trial and impartial jury.

*Id*. According to the trial transcript, the State asked Williams, "And do you remember on Tuesday when you told [the bailiff] that it was a robbery?" Doc. [8-14] at 453.  Williams answered, "I said it wasn't."  Williams' counsel objected to the State's question claiming that it violated the rules of discovery and was prejudicial, likening it to "bringing them out in jail clothes." Doc. [8-14] at 459. After a conference outside the hearing of the jury, the trial court sustained the objection to the question, ordered Williams' answer stricken, and instructed the jury not to consider it as part of the evidence. Doc. [8-3] at 11. The court of appeals did not find error, noting that the State's question did not mention "jail" or "the past year and a half," and that even if such references had been made, Petitioner would not have been prejudiced because the bailiff was present with Petitioner and Williams in the courtroom throughout trial, and the bailiff's presence did not put the jury on notice of something it did not already know. *Id*. at 10.

In a habeas proceeding, the standard of review for determining whether a prosecutor's improper question demands a mistrial is the "'narrow one of due process.'" *Alexander v. Armontrout*, 985 F.2d 976, 978 (8th Cir. 1993) (quoting *Darden v. Wainwright,* 477 U.S. 168, 181 (1986)). As such, the relevant inquiry is whether the prosecutor's question "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id*. (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Here, based upon the curative instruction given by the circuit court and the evidence presented against Petitioner, this Court concludes that the prosecutor's question did not render Watson's trial so fundamentally unfair as to deny him due process. Ground Three is denied.

**D. Ground Four: Petitioner's ground for relief is that the trial court erred in overruling his objection to the prosecutor's statement in closing argument that he did not care whether he hurt pedestrians in his attempt to escape from police.**

Ground Four is procedurally defaulted. Petitioner did not preserve his claim regarding closing argument because he failed to object to the alleged error at trial. The court of appeals reviewed Petitioner's claim for plain error. A state court's discretionary plain error review of an unpreserved claim does not excuse procedural default. *Clark v. Bertsch*, 780 F.3d 873, 876–877 (8th Cir. 2015); *see also Anderson v. Vandergriff*, 4:19-cv-2481-SRW, 2021 WL 4459693 *3-4 (E.D. Mo. September 29, 2020). In Missouri, "a claim [must] be presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). To avoid default, a state inmate must have fairly presented his or her claims to the state court during direct appeal or in postconviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). A state prisoner who defaults on his federal claims in state court because of a state procedural rule is barred from federal habeas unless the prisoner can show cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 749 (1991). However, a ground that is procedurally barred may be reviewed on the merits if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id*. at 750. This exception requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted. *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006).

Petitioner makes no attempt to demonstrate cause and prejudice to avoid the procedural bar. *See Murray v. Carrier,* 477 U.S. 478, 488 (1986) (to demonstrate cause, petitioner must show that "some objective factor external to the defense impeded [petitioner's] efforts to comply with

the [s]tate's procedural rule"). To establish prejudice, Petitioner would be required to demonstrate that the errors "worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Petitioner only claims that it was improper for the State to argue in closing that he did not care whether or not he hurt pedestrians while eluding police. The court of appeals determined that the prosecutor could draw reasonable inferences from the record and that the statement did not have a "decisive effect" on the jury. See Doc. [8-3] at 14-15. Petitioner has failed to show cause and prejudice, or present new evidence that would affirmatively demonstrate his innocence. As such, he did not overcome the procedural bar for review; therefore, Ground 4 is procedurally defaulted and denied.

## **CONCLUSION**

Accordingly, all of Petitioner's grounds for relief are denied.

**IT IS HEREBY ORDERED** that the Petition of Terry Watson for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. [1], is **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a certificate of appealability.

A separate judgment in accordance with the Memorandum and Order is entered this same date.

Dated this 25th day of September, 2024

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE